**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**KLINE IRON & STEEL COMPANY, Respondent.**

**No. 14852.**

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1971.

Decided April 20, 1971.

Lawrence H. Pelofsky, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Abigail Cooley Baskir, Atty., N. L. R. B., on brief) for petitioner.

Ellison D. Smith, IV, Columbia, S. C. (Smith & Smith, Columbia S. C., on brief) for respondent.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The National Labor Relations Board found that during a union organization campaign Kline Iron & Steel Company had violated Section 8(a) (1) of the National Labor Relations Act by threats, surveillance and interrogations. The board also concluded that one employee, Bishop Russell, had been denied reemployment in violation of Sections 8(a) (1) and 8(a) (3) of the Act, and ordered his reinstatement. The company contests only those portions of the board's order dealing with the reinstatement of employee Russell.

Bishop Russell went to work for Kline Iron and Steel Company in 1936, continued there until 1943, when he quit, subsequently worked two more years for the company, quit again, and returned to work in 1958, remaining in the company's employment until on Saturday, February 18, 1968, he apparently shot himself with a 12-gauge shotgun. He spent 55 days in the hospital and about three months at home convalescing. During the last six weeks of this period he rode with the union organizer visiting homes of some employees and himself signed a union card. It is because of this activity on behalf of the union that the board rejected the trial examiner's decision and substituted its own.

Unquestionably, as the trial examiner found, the company had good reason to believe that the gunshot injury of February 8 was, in fact, self-inflicted and was an attempt at suicide. The assistant manager of operations saw the police report of the gunshot incident three days after it was written, and it indicated that the wound was self-inflicted. The compensation carrier declared Russell ineligible for benefits for this reason. Hendrix, general manager of the William Street Plant, discussed the matter of taking Russell back with other company officers including the president, who approved Hendrix' decision to refuse reinstatement on the ground that Russell's job in the fabricating department involved the use of, and placed him in close proximity to, equipment which was inherently dangerous and required a high degree of care on the part of an employee. The trial examiner concluded, on the basis of substantial evidence and his own opportunity to judge the credibility of the witnesses, that Plant Manager Hendrix and President Kline agreed not to offer reinstatement although they considered the decision whether to allow "the return of a well regarded employee with long service, but one who he believed had attempted suicide and whose job involved potentially dangerous equipment", to be a very difficult one.

The board puts great weight in its decision to reverse the trial examiner on Hendrix' procrastination and equivocation in acquainting Bishop Russell with the decision. It is true that on July 3, instead of frankly telling Russell that he would not be reemployed and why, Hendrix told him to come back on July 15, and that on July 15 Hendrix told Russell he looked too weak to work, and again on July 17 or 18 Hendrix told Russell that if his doctor certified him as able to do so he would be returned to work. We think that Hendrix' equivocation and procrastination is not at all inconsistent with the trial examiner's conclusion that he was refused reinstatement because of the company's fear of emotional instability in relation to the operation of potentially dangerous equipment. It is not easy to tell a highly regarded employee of many years' service an unpleasant and deeply hurtful truth. It is not incredible that Hendrix may have been hoping for a more palatable solution such as the possibility that Russell's doctor would not certify him. What seems to the board to undercut the trial examiner's decision seems to us to actually support it. Moreover, we think a collateral matter is highly significant: the trial examiner noted that although the company had in fact threatened *other* employees with discharge if they engaged in union activity, these employees

were continued in employment, and in some instances they were employees who were known to be active union adherents and not so well regarded as was Russell and without his long employment service with the company. The trial examiner documented this significant finding by noting that employee Whittle, one of those threatened with discharge, was not only continued in employment, but has received two raises, notwithstanding management's statement to him at the time of the discharge threat that there would be no raises as long as this "union thing" continued.

We think the board's decision to reverse the trial examiner is not supported by substantial evidence, and we accordingly decline enforcement of the order to reinstate Russell. The appropriate notices will be posted in accordance with the remainder of the Board's order.

Enforcement granted in part, and denied in part.